May I please the Court? Counsel, my name is Suzanne Lee Elliott, and I represent Mr. Fields in this appeal from the denial of his petition for writ of habeas corpus in the district court. I'd like to point out as a global matter that this Court generally sees fit to appoint me only at the bottom of the ninth, no men on and when there's two outs. And that's just the way it is. This is a means of saying that Mr. Fields has proceeded throughout all of the previous litigation without the assistance of counsel. So I am left to work with the record that was developed by him. We do understand that. Thank you. And for being in Seattle, that's better than a football analogy right at the moment. I think so. You could try ice skating, but. But in this particular. Before, can I just make sure you, as a Washington practitioner, would help this California practitioner understand the Washington Supreme Court's construct in this Dunlop case. As I understand the argument that you are making, you are saying that even though on the face of it, pro se or otherwise, that he didn't really make the federal allegations that our jurisprudence requires, Washington has this procedure which says under Gunwale that we require, if you are going to come to us and argue that the Washington Constitution is broader than the federal constitution, you have to lay out sort of the offers, I guess, of what we do in making them lay out the federal claims. You have to lay out very clearly what under Washington law takes it beyond the established federal law. And in this case, because he didn't do that, the presumption is that when Washington state courts looked at his petition, they necessarily were evaluating it under federal standards because that's the default position. Washington accepts as a matter of law that a petition is going to be arguing baseline federal claims if there's a federal law applicable. And that's all that's needed to be done. Have I overstated, misstated? You have not overstated at all, Your Honor, and that's precisely my argument. There is a unique Washington rule outlined in the Gunwale case. It's now been in common parlance called the Gunwale analysis, which any appellate practitioner has or pro se petitioner has to engage in in order to alert the state supreme court or other appellate court that you are making a claim under the state constitution. And that's precisely because historically the Washington state supreme court has interpreted some provisions of our state constitution far more broadly than the federal constitution. If not, the rule is that they're considering it under the federal constitution and you can't make your broader claims. Well, let me just ask you. One of the three claims that was before us, his specific comment was, this violates Article I, Section 22, and that refers specifically to the Washington constitution. There is no analogous. That doesn't relate to his claim if you looked at the federal constitution. Do we still make the same analysis there where he refers to a specific provision of Washington law? I, under the Washington law, yes, because that would be insufficient to invoke the state constitutional analysis in the Washington state supreme court. And I don't believe that the Respondent in this case disagrees with me in that regard. So if the Washington supreme court were to address that issue, they would write an opinion which, on their own hook, might cite to or might not cite to federal constitutional principles. But in any event, if they decided it under the specific Washington clause, we should understand that to be their construct of also federal law. Their assumption is, even if they haven't specifically said so, even if it hasn't been specifically argued, we are to assume that that was Washington constitutional provision, however interpreted, would be their identical interpretation, not similar but identical to federal. I don't believe that you assume that their construction of our constitutional provision would be identical. I think you assume that they resorted to federal constitutional law as embodied either in this Court's or the supreme court's decisions or in the Washington state cases that discuss it. Did it cite any federal law? No. Did the court? Did the Washington supreme court cite any federal law? No. These were summary dismissals of his claims in any case. There was no extensive analysis. What you – if you look at the cases I've cited that followed Gunwald, where the plaintiff has strictly construed the Gunwald requirements, frequently what they do in the more elaborate or the more extensive discussions and decisions is simply say that an appellant has made a citation to the state constitution or has made some vague reference to it, but you – and you'll see the cases I've cited, they say either in the opinion or in the footnotes, but having foregone a Gunwald analysis, we're not going to decide this issue under our state counsel. Counsel, is the question of whether or not a petitioner has exhausted administrative state remedies and given a fair opportunity for the state supreme court to deal with his claims – with his federal claims. Is that a question of federal law or is that a question of state law? I think going back to the Borkel, the O'Sullivan and Borkel cases, it is in a certain sense a mixed question of state and federal law, but there the U.S. Supreme Court specifically said we have to go look at the peculiar appellate practice in any given state to determine whether or not you have – you, meaning the state court petitioner, have exhausted your state court remedies. So, for example, O'Sullivan was the question of whether or not you had to continue even though the request to the state supreme court was for discretionary relief, whether you actually had to go through that step. Right. What remedies are available would clearly be a question of state law, but as to whether or not the petitioner's petition gave a – made a fair statement of the federal claims, isn't that a question of federal law? Well, in this unique circumstance, I think no, because you have to resort to Washington law to know what the Washington State Supreme Court – when Mr. Fields said, I believe my due process right to a fair trial has been unconstitutional, I think that's unconstitutionally burdened in this case. You have to go and look at Washington law to see whether the Washington Supreme Court determined that under the state or federal constitution. And the assumption is, under Gunn-Wall, that it was – that the constitutional claim was made under the federal constitution. What do you make of our Casey decision, which seemed to fault the petitioner in that case for not making the Gunn-Wall analysis to us? Yes. I think Casey is the – and I read it, and I think it is the – a different question. And the question in Casey was, is the Washington State Supreme Court's jurisprudence on the confrontation clause, I believe it was, coextensive with the analysis under the federal constitution? And you said, we can't tell because, Mr. Casey, you didn't Gunn-Wall this and give the Washington State Supreme Court the opportunity to determine whether our confrontation clause is coextensive with the federal confrontation clause. So it's a little bit different question.  Isn't that the problem, that Gunn-Wall is really limited to those particular situations where there is a State constitutional provision that is broader than the federal? I think Gunn-Wall is applicable to any constitutional claim, whether our State Supreme Court has determined it to be coextensive or not. I mean, the State – what the Respondent here wants you to do is to assume that the Washington State Supreme Court did not, or appellate court or the commissioner, whoever made the final order in this case, didn't consider the federal question. And I think the Washington law is absolutely inopposite. It was considered as a federal question unless Mr. Fields Gunn-Walled the constitutional issue. So I will reserve the remaining few seconds. 12 seconds. You may. Yes. For rebuttal. Thank you. May it please the Court, my name is Rhonda Larson, Assistant Attorney General for Appellee. The District Court properly determined that Mr. Fields failed to exhaust the claims, and this Court should affirm. Right off the bat, I ask that this Court do not get distracted by the red herring   that was just put out regarding the Gunn-Walled analysis. I'm sorry? Yes. That's what I said. In fact, the Gunn-Walled analysis in Mr. Fields' opening brief is an incorrect assessment of Washington law. Well, let me just begin by asking questions that will help me figure this out. It seems to me that the whole point of the requirement of exhaustion is that the federal constitutional claim. That's the whole point of the fair presentation rule. And in most states, you start with the state constitution first, and that's what I want to know more about Washington law. Is it correct to say that if a petitioner comes in and says, the following six things happened at my trial, and that's a violation of my right to due process, does the Washington Court view that as a federal due process claim unless something special is said, or do they view that as a state claim? They view that as a state claim. Under Gunn-Walled, the rule is not as Mr. Fields stated. The rule is that if a petitioner wishes to present a state, federal constitutional claim, excuse me, if a petitioner wishes to state that the state's provisions are broader and more protective than a federal constitutional provision, the petitioner must lay out certain factors. So let me just see if I understand your argument. In my hypothetical, the Washington Court would view that as a state constitutional claim, but they would not interpret the state constitution differently than the   I'm trying to figure out whether there's something to prove why they should. Precisely. Casey v. Moore is exactly on point here. Well, it's not entirely on point. Your Honor, in Mr. Fields' briefing in his state court personal restraint petition, he did not go through the Gunn-Walled factors, and all that one can conclude Where is he supposed to go through the Gunn-Walled factors? In Casey, they didn't go through the Gunn-Walled factors in the district court, but the Gunn-Walled goes to what the Washington courts are going to consider, not what the district court is going to consider on habeas. The issue is, as I understand Gunn-Walled, is we want to know as the Washington state court, do you think your claim of constitutional violation is invoking our more liberal Washington Constitution? If you don't, we're going to assume that it's basically the same as the Federal Constitution. No, Your Honor, that is not what Gunn-Walled stands for. Gunn-Walled stands for whether the state constitutional provision is broader in its protections than the Federal constitutional provision, period. One does not invoke a presumption that he is raising a Federal claim by failing to address Gunn-Walled factors. That is simply not the law in Washington. Well, where do we look to? I mean, I appreciate your fervor in dismissing this as a red herring, but reading the, I mean, given the whole exhaustion concept, it's taken me a little bit of time to work my way through it, and I'm puzzled because the analysis of the Washington Supreme Court is states are adopting, they view, this approach because they don't agree necessarily per the state constitutional law that the U.S. Supreme Court in Federal cases necessarily should determine the outcome if it's a Washington state law claim. So you're going to have to tell us, Petitioner, if you want us to go beyond the Federal law. And so then a due process claim, presumably, at least seems on its face it's not unreasonable to assume that the default baseline is Washington is assuming, absent a Gunn-Walled analysis in the state courts, that it's coextensive. No, Your Honor, there is no default law rule like that in Washington. I repeat, the cases that Petitioner cited in his opening brief for the proposition that there is this strange default rule, in fact, do not support that proposition. The cases that he cited stand for, some of them stand for the proposition that the brief has to fully address the Gunn-Walled factors before the state court will find the state constitution to be more protective. Other of the cases that he cites stand for the proposition that the state will not address the state constitution when the brief only cites to the Federal constitution. I guess I'm confused by that in light of the later cases where the Washington Supreme Court has said things like, if the party has not engaged in Gunn-Walled analysis, this court will consider his claim only under Federal constitutional law. Your Honor, that could be, I mean, you're saying that's ambiguous. One way to look at it is they're viewing it as a Federal claim. The other way to look at it is they're viewing it as a state claim, but they'll apply identical Federal standards to it. Your Honor, that was in a case in which the Petitioner cited Federal law. That was, okay, it's both Sullivan and Fire? That's correct. And Telvic versus Real Property also. And Forbes versus City of Seattle, all of those are cases in which the State Supreme Court has said, if you fail to discuss Gunn-Walled criteria, the claims will be decided under Federal constitutional law. Yes, those were cases where the Petitioner had raised the Federal grounds. I was trying to argue. He did not. Oh, okay. Is the last ruling that deals substantively with the, in the Supreme Court of Washington with what he did, this conditional dismissal of the personal restraint petition? Oh, thank you, Your Honor. That was an important point I wanted to make, is that Federal citations in motions to dismiss, motions to modify, do not suffice for exhaustion purposes. And that is squarely in the rule under the Supreme Court's case, Castile versus Peoples, and Burkle versus O'Sullivan, O'Sullivan versus Burkle, and this circuit's cases of Green versus Lambert and Casey versus Moore. In those cases, the rule is that issues raised for the first time in a purely discretionary motion do not suffice to exhaust for Federal habeas purposes when the Court dismisses such motions without comment. Here, the Washington Supreme Court dismissed without comment Mr. Fields' motion to modify, and that's Excerpt of Record 528. So his Federal citations in that motion fall squarely within the Castile rule, and therefore, his claims were not exhausted. Well, but is this, what I'm asking, though, is whether this ruling by the, on September 10, 2002, signed by the Commissioner, is that the ruling on the merits, the last ruling on the merits of any claims that were brought other than a petition, the subsequent petition that you just, to modify or whatever that he did? That's correct. Okay. And that cites only State law? Exactly. Mr. Fields knows how to properly exhaust by citing Federal law. He did so in two of his claims. He chose not to in claims 3, 4, and 7. He did submit no less than six personal restraint petitions to the State habeas, to the State courts. He failed to exhaust claim 3 because he gave a mere drive-by citation. He failed to exhaust claim 4 because he cited only to Federal cases that involve evidence rules and have nothing to do with his Federal constitutional claims. He cited, he failed to exhaust claim 7 because he cited to State cases only, and also claim 7 is a State law claim at its essence anyhow. The district court correctly determined that Mr. Fields did not properly exhaust and this Court should affirm. Thank you. Thank you. The ---- Well, can I just ask one question? Do you disagree with counsel's characterization of all the other cases where post-gun law would apply Federal law that the arguments in those cases all had cited Federal? I don't know because I haven't reviewed the briefing that underlaid those opinions. And the other problem, well, there's another problem in that some of the cases cited other Washington State cases that may have embodied a Federal constitutional analysis. So it was coextensive with the Federal constitutional analysis. I'd like to actually, that reminds me, I'd like to make one more point about Baldwin v. Reese, and I think I made it in my reply brief. I agree that the State courts ought not to have to go searching through case after case to determine whether or not the Washington State constitutional analysis is coextensive with the Federal analysis. But when, as here, Mr. Fields cited to the very case that talks about the coextensive analysis, I think we can expect State courts to have read that case and can assume that they knew that the analysis was coextensive. Okay. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. Stanley.
judges: Schroeder, Graber, Fisher